UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT E. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:19-cv-220 |
| v. | ) |
| | ) |
| METAL TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Robert E. Johnson, by counsel, and for his Complaint against Defendant, Metal Technologies, Inc. ("Metal Technologies") states:

## Jurisdiction and Venue

1. This Complaint raises federal questions, and this Court has jurisdiction over this Complaint by virtue of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*

2. The Southern District of Indiana, Terre Haute Division, is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and is the judicial district in which Metal Technologies did business at the time of the events or omissions giving rise to the claim.

## Facts

3. Metal Technologies is a for-profit domestic corporation. It is a production machine shop in Bloomfield, Indiana, specializing in close tolerance machining and leak testing of aluminum castings for the automotive industry.

4. Mr. Johnson worked at Metal Technologies beginning September 18, 2017, as an inspector.

5. Mr. Johnson at all times performed his work in a satisfactory manner. In fact, during his employment with Metal Technologies, Mr. Johnson had the best performance of anyone in his position. Mr. Johnson set nearly every inspector and quality control record for his position.

6. Metal Technologies is a "covered entity" and an "employer" as those terms are defined in 42 U.S.C. §12111(2) and (5).

7. Mr. Johnson was an "employee" and a "qualified individual with a disability" as those terms are defined in 42 U.S.C. §§12111(4) and (8).

8. Mr. Johnson is a disabled veteran. He has disabilities as that term is defined by 42 U.S.C. §12102(1) at the time that he was hired by Metal Technologies. He was also "regarded" as having one or more disabilities under 42 U.S.C. §12102(1)(C).

9. In approximately November, 2017, Mr. Johnson required knee surgery due to his disability. He was off work for approximately 7-10 working days and was permitted to return to his position with Metal Technologies following his recovery.

10. On March 13, 2018, Mr. Johnson's required surgery on his arm for a condition unrelated to his disability. Prior to the surgery, he told the Owner/HR Manager, Kirby Conrad, that he would not have the surgery if he would lose his job, and she assured him that it would not be a problem.

11. Following the surgery, Ms. Conrad refused to allow Mr. Johnson to work light duty despite the fact that other non-disabled individuals were permitted to do light-duty work.

12. Mr. Johnson originally told Ms. Conrad that he would be off for the surgery for 4-6 weeks. On April 18, 2018, he told Ms. Conrad that the recovery was going longer than anticipated and he should be cleared to return to work without any restrictions on June 22, 2018.

Ms. Conrad responded that she could not hold the job open for him for that long and immediately terminated his employment. Ms. Kirby then cut off his Short Term Disability (STD) payments, and told Mr. Johnson he could reapply when he was given a full release to return to work.

13. Mr. Johnson then consulted his physician, and his return-to-work date was changed to permit him to work without any restrictions as of April 23, 2018, but Ms. Conrad still would not allow him to go back to work. Mr. Johnson told Ms. Kirby that he was cleared to return to work and that she could consider him as re-applying for his job. Ms. Conrad told Mr. Johnson that she did not believe he was actually released to return to work because of the sudden change and would not permit him to come back to work.

14. Since Ms. Kirby did not believe Mr. Johnson that he was released to return to work, Mr. Johnson got a note from his doctor showing that he was given a full release. Mr. johnson then drove to the Metal Technologies facility with the note in hand so that he could prove he was telling the truth. When Mr. Johnson arrived at the Metal Technologies facility, he gave the doctor's note to his supervisor, Noah Werner.

15. Mr. Werner then took the note from Mr. Johnson's doctor to Ms. Kirby to see if he could have Mr. Johnson come back to work. Mr. Werner wanted Mr. Johnson back at work because he was the best performer at his position and because they were short-handed without him. When presented with the doctor's note, Ms. Kirby told Mr. Werner that Mr. Johnson was a liability and that she was scared he would get hurt again at work.

16. The company's employee handbook provides for up to 13 weeks of Short-Term Disability ("STD") leave. Employees like Mr. Johnson paid for STD insurance through payroll deduction. Ms. Conrad cut off Mr. Johnson's STD payments after 4 weeks. Thus, he could not

return to work with restrictions, he could not return to work without restrictions, and he could not collect anything through the STD insurance that he had been paying for.

17. Mr. Johnson's employment was terminated on April 19, 2018. Kirby Conrad, the Owner/Human Resources person, told Mr. Werner that she would never hire another disabled veteran.

18. Other similarly-situated employees were allowed to be absent from work and were not fired. These included employees who were off work for a variety of reasons, but unlike Mr. Johnson, they did not have permanent disabilities. These similarly-situated employees include but are not limited to: Kyle Pollack, Sandy Briner, Troy Schroyer, Keith Griffith, Lisa Zitterman, Melissa Zitterman, Missy Deem, Theresa Smith, Daniel Flanders, Kelly Reed, Tiffany Fleming, Jake McKenzie, Peggy Robinson, Tracy McBride, Michael Kefauver, Susan Graves, Haley Weddle, Cristopher Gleason, Traven Speer, Noah (last name unknown), and Marty House.

19. Mr. Johnson filed a Charge of Discrimination on the basis of disability with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue. This lawsuit has been filed in a timely manner.

## ADA VIOLATIONS

20. Plaintiff incorporates by reference paragraphs 1-19, above.

21. As set out in 42 U.S.C. §12101, the ADA protects individuals with disabilities from being subjected to unfair and unnecessary discrimination and prejudice that denies them the opportunity to compete for employment on an equal basis with nondisabled individuals.

22. Metal Technologies unlawfully terminated Mr. Johnson's employment because of his disability, because it regarded him as too disabled to perform his job, and/or because it did

not want to provide him with a reasonable accommodation of his disability, in violation of 42 U.S.C. §12112.

23.     Due to his disability, and because she regarded Mr. Johnson as disabled, Ms. Kirby terminated, and they refused to re-employ, Mr. Johnson because she viewed him as a liability.

## Prayer for Relief

WHEREFORE, as a result of Metal Technologies' violation of Mr. Johnson's rights under the ADA, Mr. Johnson seeks the following relief:

   a. Compensatory damages, including, but not limited to, all wages, employment benefits, and/or compensation denied or lost by Mr. Johnson as a result of Metal Technologies' violation of his rights under the ADA.

   b. All other monetary losses sustained by Mr. Johnson as a result of Metal Technologies' violation of his rights under the ADA, including but not limited to medical bills incurred, or medical damage resulting from loss of health insurance.

   c. Reinstatement or front pay.

   d. Damages for emotional distress.

   e. Interest.

   f. Punitive damages.

   g. Attorney fees and costs.

   h. Other relief that is just and proper.

## Demand for Jury Trial

Comes now Plaintiff and requests a trial by jury in the above cause of action.

          Respectfully submitted,

          /s/ Daniel L. Kent
          Daniel L. Kent
          Attorney No. 27197-49

          /s/ Mary Jane Lapointe
          Mary Jane Lapointe
          Attorney No.13706-53

Lapointe Law Firm, P.C.
8465 Keystone Crossing
Suite 150
Indianapolis, IN 46240
Telephone:  317-829-5870
Facsimile:  317-829-5871
Email:  maryj@lapointelawfirm.com